IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN ROJAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC, | ) | 3:24-CV-0070-G |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the motions of the defendants Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively, "the defendants") for summary judgment. *See* docket entries 47, 50. For the following reasons, the motions are granted.

## I. BACKGROUND

This suit arises from the issuance of allegedly misleading and inaccurate credit reports pertaining to the plaintiff Christian Rojas ("Rojas"). Each defendant is a consumer reporting agency, or CRA, as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Complaint (docket entry 1) ¶¶ 7-9, 13-15. Rojas asserts that Trans Union and Experian negligently and/or willfully failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of his credit reports in violation of 15 U.S.C. § 1681e(b) (“§ 1681e(b)”).[1] See generally *id*. Rojas bases his § 1681e(b) claims on the alleged erroneous reporting of four collection accounts – (1) Credence Resource Management (“Credence” or “CRM”), (2) Enhanced Recovery Company (“Enhanced”), (3) CBE Group (“CBE”), and (4) Credit Collection Services (“CCS”).[2] *Id*. The defendants move for summary judgment.

## II. ANALYSIS

### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, “show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] Rojas’s new allegations in his responses to the defendants’ motions for summary judgment are not part of the pleadings to be considered for purposes of the motions for summary judgment. Accordingly, any identity theft claim is not properly before the court. See *Cutrera v. Board of Supervisors of Louisiana State University*, 429 F.3d 108, 113 (5th Cir. 2005) (“A claim which is not raised in the complaint but rather, is raised only in response to a motion for summary judgment is not properly before the court.”) (citing *Fisher v. Metropolitan Life Insurance Company*, 895 F.2d 1073, 1078 (5th Cir. 1990)).

[2] On October 16, 2023, Rojas disputed the Enhanced and Credence accounts with Trans Union, and this information was shared with Experian. Defendant Trans Union LLC’s Brief in Support of Motion for Summary Judgment (“TU Motion”) (docket entry 48) at 5; Defendant Experian Information Solutions, Inc.’s Brief in Support of its Motion for Summary Judgment (“Experian Motion”) (docket entry 51) at 5-6. Thereafter, before Rojas filed the instant suit, Trans Union and Experian deleted the Enhanced and Credence accounts from Rojas’s Trans Union and Experian credit files respectively. *Id.* at 6; TU Motion at 5. Rojas never disputed the CBE and CCS accounts with Trans Union. TU Motion at 6.

law." FED. R. CIV. P. 56(a), (c)(1).[3] A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th

---

[3] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986).

B. Fair Credit Reporting Act

The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); see also *Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895 (5th Cir. 1998), *cert. denied*, 526 U.S. 1044 (1999); *Bray v. Transunion, LLC*, No. 2:23-CV-0197-Z-BR, 2024 WL 4150454, at *2 (N.D. Tex. Sept. 11, 2024) (Kacsmaryk, J.). Section 1681e(b) "does not require that a consumer reporting agency follow reasonable procedures to assure simply that the consumer report be 'accurate,' but to assure 'maximum possible accuracy.'" *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986) (quoting *Swoager v. Credit Bureau of Greater St. Petersburg, Florida*, 608 F. Supp. 972, 977 (M.D. Fla. 1985) (quoting *Alexander v. Moore & Associates, Inc.*, 553 F. Supp. 948, 952 (D. Hawaii 1982))), *cert. denied*, 483 U.S. 1022 (1987) and *cert. denied sub nom*. 483 U.S. 1032 (1987). The FCRA, however, does not impose strict liability for all inaccurate entries. *Hammer v. Equifax Information Services, L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020). "Rather, the plaintiff must show that inaccurate information resulted from a negligent or willful failure to use reasonable procedures when the consumer report was prepared." *Sepulvado*, 158 F.3d at 895

(citing *Thompson v. San Antonio Retail Merchants Association*, 682 F.2d 509, 513 (5th Cir. 1982)); see also *Reyes v. Equifax Information Services, L.L.C.*, 140 F.4th 279, 285 (5th Cir. 2025).

A credit reporting agency which negligently fails to comply with a requirement of the FCRA is liable for any actual damages sustained by a consumer. *Cousin v. Trans Union Corporation*, 246 F.3d 359, 366 (5th Cir.) (citing 15 U.S.C. § 1681*o*(a)), *cert. denied*, 534 U.S. 951 (2001). Specifically, a negligent violation of § 1681e(b) subjects a credit reporting agency to liability for any actual damages sustained as a result of the violation, costs of court, and reasonable attorney's fees. *Pinner*, 805 F.2d at 1262 (citing 15 U.S.C. § 1681o). A willful violation of § 1681e(b) subjects the credit reporting agency to punitive damages. *Id*. (citing 15 U.S.C. § 1681n).[4]

To prove negligent noncompliance with § 1681e(b), Rojas must establish that (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) Rojas suffered injury; and (4) his injury was caused by the inclusion of the inaccurate entry. *Waggoner v. Trans Union, LLC*, No. 3:02-CV-1494-G, 2003 WL 22220668, at *6 (N.D. Tex. July 17, 2003) (Fish, J.) (citation omitted); 15 U.S.C. § 1681e(b). Rojas failed to meet his burden.

---

[4] See *Cousin*, 246 F.3d at 372 ("In those cases, a consumer reporting agency has typically misrepresented or concealed some or all of a credit report from a consumer.").

"A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado*, 158 F.3d at 896. In the Fifth Circuit, "the adequacy of a CRA's procedures is judged according to 'what a reasonably prudent person would do under the circumstances.'" *Hammer*, 974 F.3d at 568 (quoting *Thompson*, 682 F.2d at 513). To prevail on a § 1681e(b) claim, "a plaintiff must first demonstrate an inaccuracy in the CRA Defendants' reporting." *Holloway v. Equifax*, No. 4:23-CV-1038-P, 2024 WL 1741814, at *2 (N.D. Tex. Mar. 25, 2024) (Cureton, M.J.) and n.1 (collecting cases), *report and recommendation accepted*, 2024 WL 2747734 (N.D. Tex. May 29, 2024) (Pittman, J.).

Rojas failed to establish that information reported by Trans Union or Experian was factually inaccurate or materially misleading as to the four accounts in question. First, he vaguely asserts that the Credence and CBE accounts, while reported by data furnishers with his full name and Social Security number,[5] belong to his twin brother. *See* Plaintiff's Response in Opposition to Defendant Trans Union, LLC's Motion for Summary Judgment ("Response to TU Motion") (docket entry 90) at 4-6; Response to Experian Motion at 4; *see also* Complaint; TU Motion at 10-11. Second, Rojas

[5] There is no evidence in the record to indicate that a furnisher reported the wrong social security number. Rojas simply alleges that his twin brother has "a very similar Social Security Number to that of the Plaintiff." Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment ("Response to Experian Motion") (docket entry 88) at 4.

admits that he co-signed an AT&T account agreement with his father at the account's opening, that account later resulting in collections with Enhanced. TU Motion at 8-9; Response to TU at 4; *see also* Defendant Trans Union LLC's Appendix in Support ("TU Appendix") (docket entry 49) at TU Appx. p. 168. Rojas merely maintains that he "let his father take over the account." Response to TU Motion at 4; *see also* TU Motion at 8-9; TU Appendix at TU Appx. p. 62 (Rojas testified, "I do not know what he did with it or – he was like a co-sign deal. So I – I don't know. I told him to change it over. I had, you know, disagreement with him as well over that. And I guess he did not or I don't know what happened[.]"). Lastly, Rojas concedes that he opened the CCS account but failed to respond to Trans Union's argument regarding the accuracy of the CCS account and produced no competent summary judgment evidence that he in fact paid the CCS account in full. *See* TU Appendix at TU Appx. p. 74 ("I'm not sure if I already paid it off. I believe I did, but I'm not sure."); see also *id*. at TU Appx. p. 92 ("I'm not sure if I actually paid that one."); Defendant Trans Union LLC's Reply in Support of its Motion for Summary Judgment (docket entry 98) at 2.

Furthermore, Rojas hypothesizes that "showing the accounts are being reported inaccurately would tend to show that the procedures used to produce the report are likely unreasonable." Response to Experian Motion at 6; Response to TU Motion at 6. Even assuming *arguendo* that inaccurate information was included in his credit reports at issue, Rojas has not proven that any inaccuracy was due to negligent

or willful failure to follow reasonable procedures or refuted the defendants' evidence demonstrating the reasonableness of their procedures. Moreover, Rojas seeks awards for economic and non-economic damages, see, *e.g.*, Complaint ¶¶ 42, 55, but has sustained no legally cognizable injury.[6]

Rojas's mere assertions, even if true, cannot carry the day at the summary judgment stage. Because he has not designated any competent summary judgment evidence or provided sufficient argument that show there is a genuine issue of fact as to any of his claims, they cannot survive summary judgment. See *Lopez v. Experian Information Solutions, Inc.*, No. 4:25-CV-0646, 2026 WL 1696651, at *6 (E.D. Tex. June 11, 2026). In sum, Rojas has produced no evidence that either defendant negligently or willfully violated § 1681e(b). Accordingly, his claims fail as a matter of law, and Experian and Trans Union are entitled to summary judgment. *Norman v. Experian Information Solutions, Inc.*, No. 3:12-CV-0128-B, 2013 WL 1774625, at *7 (N.D. Tex. Apr. 25, 2013) (Boyle, J.); see also *Arjie v. Experian Information Solutions Inc.*, No. 4:23-CV-4060, 2025 WL 1842634, at *2 (S.D. Tex. Feb. 19, 2025).

---

[6] Rojas failed to respond to the defendants' arguments that credit card denials occurred after the defendants removed accounts from his credit files, to rebut evidence that his alleged higher mortgage interest rate is not attributable to the defendants, and to provide sufficient evidence of any emotional damages. *See* TU Motion at 18-23; Experian Motion at 15-20; TU Reply at 6-9; Experian Reply at 8-11.

## III. CONCLUSION

For the reasons stated, the defendants' motions for summary judgment are **GRANTED**. Judgment will be entered that Rojas take nothing against Trans Union and Experian.[7]

**SO ORDERED**.

October 29, 2026.

A. Joe Fish

**A. JOE FISH**
**Senior United States District Judge**

---

[7] The defendants' motions for entry of judgment (docket entries 71, 77) are denied as moot.